LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

FRANCISCO ALVARADO,
*on behalf of himself,
FLSA Collective Plaintiffs
and the Class,*

        Plaintiff,

v.

VILLAS MARKET PLACE INC.
    d/b/a GARDEN GOURMET MARKET,
and ANDREAS ZOITAS,

        Defendants.

Case No:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

---

Plaintiff, FRANCISCO ALVARADO ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against VILLAS MARKET PLACE INC. d/b/a GARDEN GOURMET MARKET (the "Corporate Defendant") and ANDREAS ZOITAS (the "Individual Defendant," and collectively with the Corporate Defendant, the "Defendants") and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages due to time shaving, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages due to time shaving, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, FRANCISCO ALVARADO, for all relevant time periods, was a resident of New York County, New York.

6. VILLAS MARKET PLACE INC. d/b/a GARDEN GOURMET MARKET, is a domestic business corporation organized under the laws of the State of New York with an address for service of process and principal place of business located at 5665 BROADWAY, BRONX, NY 10463.

7. Individual Defendant, ANDREAS ZOITAS is the owner and principal of the Corporate Defendant. Defendant ANDREAS ZOITAS exercises operational control as it relates

to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Defendant ANDREAS ZOITAS frequently visits each of the Restaurants. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees of the Restaurants could complain to Defendant ANDREAS ZOITAS directly regarding any of the terms of their employment, and Defendant ANDREAS ZOITAS would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

8. At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

9. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

10. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees (including but not limited to cashiers, stock clerks, cleaners, porters, and baggers) employed by Defendant on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

11. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices,

procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them (i) overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, and (ii) compensation for all regular and overtime hours worked due to a policy of time shaving.

12. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

13. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees (including but not limited to cashiers, stock clerks, cleaners, porters, and baggers), employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

14. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

15. The proposed Class is so numerous such that a joinder of all members is

impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to Defendants' corporate practices of (i) failing to pay the overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, and (ii) time-shaving. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

16. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented plaintiffs in wage and hour cases.

17. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions

engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

18. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

19. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d) Whether Defendants provided to Plaintiff and Class members annual wage notices, as required under the New York Labor Law;

e) Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law;

f) Whether Defendants properly compensated Plaintiff and Class members overtime for all hours worked in excess of forty (40) under state and federal law;

g) Whether Defendants illegally rounded employee hours down to the nearest whole hour; and

h) Whether Defendants caused time-shaving by paying Plaintiff and Class members only for those hours which they were scheduled to work, rather than for the actual hours that they worked.

## STATEMENT OF FACTS

20. In or around January 2016, Plaintiff FRANCISCO ALVARADO was hired by Defendants to work as a porter at Defendants' GARDEN GOURMET MARKET, located at 5665 Broadway, Bronx NY, 10463. On or around March 15, 2019, Plaintiff quit his position at Defendants' GARDEN GOURMET MARKET.

21. Throughout his employment by Defendants, Plaintiff was scheduled to work from 4:00pm to 12:00am for six (6) days per week, for approximately forty eight (48) hours. However, Plaintiff was required to come in and work for fifteen (15) minutes before his scheduled shift every day and Plaintiff was required to work thirty (30) minutes off the clock after his scheduled shift every Friday. Throughout Plaintiff's employment by Defendants, a thirty (30) minute meal break was deducted even though he was interrupted and was required to work through the thirty minute meal break daily. Plaintiff actually worked approximately fifty three (53) hours per week throughout his employment by Defendants but was only paid for forty two (42) hours per week. Similarly, FLSA Collective Plaintiffs and Class members were not always permitted a free and clear meal break and were required to work before clocking in and after clocking out.

22. From in or about January 2016 until December 31, 2016, Plaintiff's hourly wage was nine ($9.00) dollars per hour. From January 1, 2017 until December 31, 2017, Plaintiff's hourly wage was eleven ($11.00) dollars per hour. From January 1, 2018 until December 31, 2018, Plaintiff's hourly wage was thirteen ($13.00) dollars per hour. From January 1, 2019 until the March 15, 2019, Plaintiff's hourly wage was fifteen ($15.00) per hour

23. Throughout Plaintiff's employment, Defendants improperly rounded down employees' daily hours to the nearest whole hour, and then paid wages only for those rounded hours instead of actual hours worked. This rounding policy resulted in a systematic failure to compensate Plaintiffs and other employees the proper wages for all hours worked. Similarly, FLSA Collective Plaintiffs and Class Members suffered as a result of Defendants' policy of rounding down hours.

24. Defendants never provided Plaintiff with wage-and-hour notices, upon hiring, or upon any change to the information on the notice, as required by the NYLL. Similarly, Class Members were never provided with any wage notices and tip credit notice.

25. At no time during the relevant time periods did Defendants provide Plaintiff or Class members with proper wage statements, as required by the NYLL. At all relevant times Plaintiff and Class members received fraudulent wage statements that did not accurately reflect the hours that they worked, as Defendants failed to accurately maintain such records.

26. Defendants unlawfully failed to pay Plaintiff, the FLSA Collective Plaintiffs, and members of the Class either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for hours they worked in excess of forty (40) each workweek.

27. At no time during the relevant time periods did Defendants provide Plaintiff or Class members with wage notices or proper wage statements as required by NYLL. Plaintiff and Class members received fraudulent wage statements that reflected only their scheduled hours, and not the actual hours worked. Defendants knowingly and willfully operated their business with a policy of not compensating Plaintiff, FLSA Collective Plaintiffs and Class members for all hours and overtime hours worked due to a policy of time-shaving.

28. Defendants knowingly and willfully operated their business with a policy of not compensating Plaintiff, FLSA Collective Plaintiffs and Class members for all overtime hours worked.

29. Defendants knowingly and willfully operated their business with a policy of not providing employees proper wage statements as required under the New York Labor Law.

9

Defendants also failed to provide proper wage notices at the beginning of employment of Plaintiff and Class members, or annually thereafter.

30. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

31. Plaintiff realleges and reavers Paragraphs 1 through 30 of this Class and Collective Action Complaint as if fully set forth herein.

32. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

33. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

34. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

35. At all relevant times, the Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for hours worked in excess of forty (40) hours per workweek.

36. At all relevant times, the Defendants engaged in time-shaving, including rounding down employee's hours, refusing to compensate Plaintiff and FLSA Collective Plaintiffs for overtime hours in excess of forty (40) that they worked each week.

37. Plaintiff is in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

38. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs for all hours worked, and at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

39. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

40. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

41. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime wages, and an equal amount as liquidated damages.

42. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS</u>

43. Plaintiff realleges and reavers Paragraphs 1 through 42 of this Class and Collective Action Complaint as if fully set forth herein.

44. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

45. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours each workweek.

46. At all relevant times, the Defendants engaged in time-shaving, including rounding down employee's hours, and refusing to compensate Plaintiff and Class Members for all hours that they worked each week.

47. Defendants failed to properly notify employees of their overtime pay rate, in direct violation of the New York Labor Law.

48. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

49. Defendants failed to provide proper wage statements with correct payment as required by New York Lab. Law § 195(3).

50. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime premium resulting from time shaving, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated

damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid compensation due under the FLSA and NYLL due to Defendants' policy of time-shaving;

e. An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, and compensation for all hours of work, pursuant to the New York Labor Law;

h.  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i.  Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

j.  Designation of this action as a class action pursuant to F.R.C.P. 23;

k.  Designation of Plaintiff as Representative of Class; and

l.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: May 6, 2019

                Respectfully submitted,

                LEE LITIGATION GROUP, PLLC
                C.K. Lee (CL 4086)
                Anne Seelig (AS 3976)
                148 West 24th Street, 8th Floor
                New York, NY 10011
                Tel.: 212-465-1188
                Fax: 212-465-1181
                *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By: */s/ C.K. Lee*
      C.K. Lee (CL 4086)