UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCO ALVARADO,
*on behalf of himself, FLSA Collective Plaintiffs*
*and the Class*

                                                    Case No.: 1:19-cv-04036 (VEC)

                         Plaintiffs,


             - against -


VILLAS MARKET PLACE INC., *d/b/a*
GARDEN GOURMET MARKET, and
ANDREAS ZOITAS,

                  Defendants.

---

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION AND FOR COURT FACILITATION OF NOTICES**

---

RIVKIN RADLER LLP
926 RXR PLAZA
UNIONDALE, NEW
YORK 11556
(516) 357-3000

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................................i

INTRODUCTION .........................................................................................................................1

STATEMENT OF FACTS..............................................................................................................2

    A.   *Plaintiff Here Has Identified A Common And Legal Compensation Policy* ..................................2

    B.   *Any Remaining Claims Are Individualized* ...............................................................................5

ARGUMENT .................................................................................................................................5

  POINT I ........................................................................................................................................5

  PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION SHOULD BE DENIED ...5

    A.   *The Plaintiff Has Failed to Submit Evidence Sufficient To Conditionally Certify A Collective Action*.............................................................................................................................. 6

    B.   *Plaintiff Has Failed To Identify A Common Illegal Practice That Could Bind The Purported Collective* .................................................................................................................. 9

       i.  *Alvarado's Payroll And Time Records Are In Compliance With Federal Regulations* .. 11

       ii. *A Representative Sampling of Payroll And Time Records Are In Compliance With Federal Regulations*.................................................................................................................. 12

       iii.  *Illegal Application Of This Legal Policy Is An Individualized Inquiry*....................... 13

    C.   *The Plaintiff's Off The Clock Claims Require Individualized Determinations* .................. 14

    D.   *Any Conditional Collective Must Be Limited To Porters* ............................................... 16

  POINT II .....................................................................................................................................18

  THE PROPOSED ORDER SHOULD BE DENIED AND THE PROPOSED NOTICE SHOULD BE MODIFIED........... 18

    A.   *The Court Must Protect The Privacy Rights of Villas Market Place Employees And Limit Discoverable Information To Name And Address* ............................................................ 18

    B.   *The Proposed Notice Should be Modified* ..................................................................... 19

    C.   *Equitable Tolling Is Not Warranted To Avoid Inequitable Circumstances* ....................... 22

  CONCLUSION ........................................................................................................................... 23

# TABLE OF AUTHORITIES

Page(s)

*Cases*

*Ahmed v. T.J. Maxx Corp.,*
2014 WL 5280423 (E.D.N.Y. 2014).............................................................. 9

*Anglada v. Linens 'N Things, Inc.,*
2007 WL 1552511 (S.D.N.Y. 2007)............................................................. 7-8

*Armstrong v. Homebridge Mortg. Bankers Corp.,*
 2009 WL 3253945  (E.D.N.Y. 2009)..........................................................22-23

*Baba v. Grand Central P'shp.,*
2000 WL 1808971 (S.D.N.Y. 2000).............................................................. 23

*Cherif v. Sameday Delivery Corp.,*
2015 WL 5772012 (E.D.N.Y. Sept. 30, 2015).............................................. 6

*Dalton v. Gem Financial Services, Inc.,*
2016 WL 36764282016 (E.D.N.Y., 2016) ................................................... 19

*Desilva v. N. Shore-Long Island Jewish Health Sys., Inc.,*
27 F. Supp. 3d 313 (E.D.N.Y. 2014)...................................................... 10, 11

*Diaz v. Electronics Boutique of Am., Inc.,*
2005 WL 2654270 (W.D.N.Y. 2005)........................................................... 15

*Dudley v. Texas Waste Systems, Inc.,*
2005 WL 1140605 (W.D. Tex. 2005)........................................................... 13

*Eng-Hatcher v. Sprint Nextel Corp.,*
2009 WL 7311383 (S.D.N.Y. No. 13, 2009) ............................................... 13

*Fasanelli v. Heartland Brewery, Inc.,*
516 F. Supp. 2d 317 (S.D.N.Y. 2007) ..................................................... 7, 19

*Genesis Healthcare Corp. v. Symczyk,*
569 U.S. 66 (2013) ...................................................................................... 23

*Gjurovich v. Emmanuel's Marketplace, Inc.*
282 F. Supp. 2d 91 (S.D.N.Y. 2003) ...................................................... 20, 21

*Gordon v. Kaleida Health,*
299 F.R.D. 380 (W.D.N.Y. 2014) .......................................................... 14, 15

*Guan v. Long Island Bus. Ins., Inc.,*
2016 WL 4257549 (E.D.N.Y. 2016) ........................................................................ 19

*Hallissey v. America Online, Inc.*
2008 WL 465112 (S.D.N.Y.) ................................................................................... 21

*Haynes v. Singer Co., Inc.,*
696 F.2d 884 (11th Cir.1983) ................................................................................... 7

*Hickson v. U.S. Postal Service,*
2010 WL 3835885 (E.D. Tex. 2010) ........................................................................ 13

*Hoffmann v. Sbarro, Inc.,*
982 F. Supp. 249 (S.D.N.Y. 1997) .................................................................... 7, 9, 22

*Iglesias–Mendoza v. La Belle Farm, Inc.,*
239 F.R.D. 363 (S.D.N.Y.2007) ............................................................................... 23

*Iriarte v. Cafe 71, Inc.,*
2015 WL 8900875 (S.D.N.Y. 20 15) ....................................................................... 18

*Iriarte v. Redwood Deli & Catering, Inc.,*
2008 WL 2622929 (E.D.N.Y. 2008) ......................................................................... 8

*Irwin v. Dep't of Veterans Affairs,*
498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d (1990) ...................................................... 22

*Jenkins v. TJX Companies Inc.,*
853 F. Supp. 2d 317 (E.D.N.Y. 2012) ............................................................. 9, 10, 11, 13

*Khalil v. Original Homestead Rest., Inc.,*
2007 WL 7142139 (S.D.N.Y. 2007) ......................................................................... 16

*Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.,*
2012 WL 1981507 (S.D.N.Y. 2012) .................................................................... 6, 16

*Khan v. Airport Mgmt. Servs.,*
2011 WL 5597371 (S.D.N.Y. 2011) ......................................................................... 13

*Klegerman v. F.G. Apparel, Inc.,*
1986 WL 2531 (N.D.Ill. 1986) ................................................................................. 13

*Kuebel v. Black & Decker, Inc.,*
643 F.3d 352 (2d Cir. 2011) ..................................................................................... 14

*Laroque v. Domino's Pizza, LLC,*
557 F. Supp. 2d 346 (E.D.N.Y. 2008) ....................................................................... 6

*Little v. Carlo Lizza & Sons Paving, Inc.,*
160 F. Supp. 3d 605 (S.D.N.Y. 2016) ...................................................................... 20

*Lynch v. United Servs. Auto. Ass'n,*
491 F. Supp. 2d 357 (S.D.N.Y. 2007) ...................................................................... 16

*Nabi v. Hudson Grp. (HG) Retail, LLC,*
310 F.R.D. 119 (S.D.N.Y. 2015) .............................................................................. 8

*Prizmic v. Armour, Inc.,*
2006 WL 1662614 (E.D.N.Y. 2006) ......................................................................... 7

*Reyes v. NY F&B Servs., LLC,*
 2016 WL 796859 (S.D.N.Y. 2016) ...................................................................... 5, 8

*Roebuch v. Hudson Valley Farms,*
239 F.Supp.2d 234 (N.D.N.Y.2002) ....................................................................... 22

*Romero v. H.B. Auto. Grp., Inc.*
2012 WL 1514810 (S.D.N.Y. 2012) ......................................................................... 5

*Ruiz v. Citibank, N.A.,*
 93 F. Supp. 3d 279 (S.D.N.Y. 2015) ....................................................................... 9

*Saleen v. Waste Management, Inc.,*
649 F. Supp. 2d 937 (D. Minn. 2009) ..................................................................... 13

*Sanchez v. JMP Ventures LLC.,*
2014 WL 465542 (S.D.N.Y. 2014) .................................................................... 5, 15-16

*Severtson v. Phillips Beverage Co.,*
137 F.R.D. 264 (D.Minn.1991) ................................................................................ 7

*Shapero v. Kentucky Bar Ass'n,*
486 U.S. 466 (1988) ............................................................................................... 18

*Sharma v. Burberry Lid,*
52 F. Supp. 3d 443 (E.D.N.Y. 2014) ...................................................................... 18

*Singh v. City of New York,*
418 F. Supp. 2d 390 (S.D.N.Y. 2005) ..................................................................... 14

*Sipas v. Sammy's Fishbox, Inc.,*
2006 WL 1084556 (S.D.N.Y. 2006) .................................................................... 7, 16

*Toure v. Cent. Parking Sys. of New York,*
2007 WL 2872455 (S.D.N.Y. 2007) ......................................................................... 7

*Warman v. Amer. Nat'l Standards Inst.,*
193 F.Supp.3d 318 (S.D.N.Y. 2016) ................................................................ 6

*Weil v. Metal Technologies, Inc.*
925 F.3d 352 (7th Cir. 2019) ........................................................................ 10

*White v. Baptist Mem'l Health Care Corp.,*
699 F.3d 869 (6th Cir. 2012) ........................................................................ 15

*Xuguang Chang v. CK Tours, Inc.,*
2019 WL 1873022 (S.D.N.Y. 2019) .............................................................. 20

*Young v. Cooper Cameron Corp.,*
229 F.R.D. 50 (S.D.N.Y. 2005) ...................................................................... 7

*Zerilli–Edelglass v. New York City Transit Auth.,*
333 F.3d 74 (2d Cir.2003) ............................................................................ 22

*Zhao v. Benihana, Inc.,*
2001 WL 845000 (S.D.N.Y. 2001) ................................................................ 16

*Zivali v. AT & T Mobility, LLC,*
784 F. Supp. 2d 456 (S.D.N.Y. 2011) ........................................................... 10

**Statutes**

*29 C.F.R. § 785.480* ...................................................................1, 4, 8, 9, 10, 11

*29 U.S.C. § 256* ........................................................................................... 22

**Rules**

*Rule DR 2-103(a).* ........................................................................................ 18

**Oppinion Letters**

U.S. Dep't of Labor, WHD Opinion Letter, FLSA2019-9 ............................... 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

FRANCISCO ALVARADO,
*on behalf of himself, FLSA Collective Plaintiffs and the
Class*

                                                        Case No.: 1:19-cv-04036 (VEC)

                              Plaintiffs,


                        - against -


VILLAS MARKET PLACE INC., *d/b/a* GARDEN
GOURMET MARKET, and ANDREAS ZOITAS,

                              Defendants.
-------------------------------------------------------------------X


# **INTRODUCTION**


Defendants, Villas Market Place, Inc., d/b/a Garden Gourmet Market and Andreas Zoitas ("Defendants" or "Villas Market Place") opposes conditional certification of this action and the distribution of notices to former and current employees.  Succinctly, the Plaintiff Francisco Alvarado ("Plaintiff" or Alvarado") has utterly failed to identify an illegal systemic policy that can serve as a common bond around which an FLSA collective action may be formed.  Here, the Plaintiff has done nothing more than identify the completely legitimate and legal practice of paying to a set shift.

It is axiomatic that under, 29 C.F.R. § 785.48, minor early or late punches may be disregarded when pay is per a shift and both early and late punches are disregarded.  This is exactly what is happening in this matter.  Plaintiff's claim of an illegal systemic policy falls squarely into compliance with this regulation.  This is fatal to Plaintiff's collective action claims.

1

Any remaining "off-the-clock" claim pertaining to allegedly unpacking a delivery truck on Friday nights and working through breaks are nothing more than individualized grievances incompatible with a collective action.

Plaintiff has not grappled with these practical issues electing to ignore federal regulations and pertinent case law relying almost exclusively on the lenient standard for conditional certification.  As such, conditional certification of this action is nothing more than a fishing expedition by Plaintiff and at the employer's expense.  The decision to conditionally certify a group of Villas Market Place employees should not be taken lightly, particularly where – as is the case here – the Plaintiff has only identified a legitimate and legal compensation policy under the law.

## STATEMENT OF FACTS

### A.     *Plaintiff Here Has Identified A Common And Legal Compensation Policy*

Villas Market Place is a grocery store located at 5665 Broadway, the Bronx NY 10463 doing business as "Garden Gourmet Market."  Its hours of operation are every day from 6:00am to 11:00pm.  *See* Declaration of Andreas Zoitas at ¶ 2 ("Andreas Decl.").  Employees are scheduled a daily shifts, which forms the basis of their wages.  *Id.* at ¶ 3. Indeed, the Plaintiff in his Complaint and Declaration admits to working a scheduled shift.  Villas Market Place posts these schedules for employees to see. *See* Employee Schedules attached to the Decl. of John Diviney at Exhibit A ("Exhibit A").  At that time there were two main shifts for the porter position.  The first is from 6:00am to 4:00pm (the morning shift) and the other is from 4:00pm to 12:00am (the night shift).  *See* Employee Schedules attached to the Decl. of John Diviney at Exhibit A ("Exhibit A").  Other employees also work a scheduled shift, which vary depending on their position in the store.  *Id.*  In other words, an employee who is scheduled to work an 8-hour

shift is paid for 8 hours of work, regardless as to whether an employee happens to clock in or out a few minutes early or late. [1]   *See* Andreas Decl., at   ¶ 3.   To ensure there are no significant changes in the hours worked, Villas Market Place operates and maintains a sophisticated time and attendance-tracking system via an electronic clock. *Id*.   The electronic clock is conveniently located at the entrance/exit of the facility allowing employees to clock-in immediately upon arrival, and clock out right before leaving.  *Id*.

At the outset, it is critical to note that Villas Market Place does not expect that employees who may clock-in a few minutes early to immediately start working before their shift begins.  *Id*. If an employee clocks-in early, employees may change, eat or drink, read, or simply relax until the start of their shift.  *See generally* supporting declarations.   Conversely, Villas Market Place always pays employees who clock-out a few minutes early as if they had worked until the end of their shift.  *Id.*

A critical view of Plaintiff's own submission is instructive.[2]  At the outset, it is important to note that Alvarado generally worked a 4:00pm to 12:00am shift.  His records clearly indicate that while he may clock-in a few minutes early every day, he also clocks-out a few minutes early every day. *See* Pltf.'s Exhibit B, annexed to C.K. Lee's Declt. ("Pltf.'s Exhibit B").   Take January 23, 2017 as an example.  Alvarado clocked in ten-minutes early (11:50am) and clocked out ten-minutes early (11:50pm).  *Id.*  Villas Market Place paying him to his shift disregarded the ten-minutes at the end of the day, although he clocked out early, and disregarded his early clock-in time.  *Id.* Likewise, on January 26, 2019, Alvarado clocked in five-minutes early (11:55am)

---

[1] Plaintiff apparently has opted to ignore the fact that his clock-in time is generally only five to ten minutes before his shift but he also routinely clocked-out early.  This is exactly the situation the regulations contemplate.  Rather, the Plaintiff has distorted the factual record by claiming he was required to clock-in fifteen minutes early every day. This is factually not true and rebutted by the records submitted in Plaintiff's own motion.

[2] Plaintiff's Exhibit B to their motion includes 69 days, in which the Plaintiff generally clocked-in five to ten minutes early for his shift, but also, clocked-out five to ten minutes early for his shift.

and clocked out six-minutes early (11:54pm). *Id.* Again, Villas Market Place credited Alvarado for his early departure and disregarded his early arrival. *Id.* This is explicitly a permissible practice pursuant to 29 C.F.R. § 785.48.

Here, Alvarado's records clearly indicate that every day he clocked-out five to ten minutes early and Villas Market Place always credited him for those few minutes. *See generally* supporting Decl's; Pltf's Exhibit B; and the time and payroll records annexed to Diviney Declr. at Exhibit B ("Exhibit B"). Contrarily, every day Alvarado clocked-in five to ten minutes early and Villas Market Place always disregarded those few minutes. *Id.* The records clearly indicate that Villas Market Place is paying to Alvarado's shift of 4:00pm to 12:00am. *See* Exhibit B. These discrepancies do not invalidate the regulations. To the contrary, this is exactly what the regulations contemplated as permissible.[3]

The evidence in this case point to a singular conclusion. What Plaintiff alleges amounts to a claim that Villas Market Place complied with 29 C.F.R. § 785.48. Indeed, Villas Market Place was permitted – and did – disregard minor early or late punches as long as the employee worked their shift. Regardless as to whether you pick out a couple of days that did not benefit Alvarado or picked out a couple of days that did benefit him in, *totem,* after all things considered, his pay reflected the shifts he worked. Any discrepancies otherwise are de minimis and do not invalidate the applicability of the regulations. To the contrary, the regulations specifically acknowledge that preventing minor discrepancies is impossible. *See* 29 C.F.R. § 785.48(a). The

---

[3] Included is a more accurate represented sampling. Taking Alvarado's time an extrapolating them weekly shows the de minimis nature of his claims and further illustrates Villas Market Place's permissible application of the regulation. During the week of August 7, 2017, for example, Alvarado's time records indicate that he clocked-in and out for exactly 47.61 hours. Villas Market Place – paying to the schedule – paid him for 48 hours, a difference in his favor of $6.60. That following week, Alvarado's time records indicated he clocked-in and out for exactly 48.34 hours and was (again) paid for 48 hours, a difference of only $4.95. The next week, Alvarado's time records indicated he clocked-in and out for exactly 47.92 hours and was (again) paid for 48 hours, a difference in his benefit of $4.95.

inability to point to a common illegal systemic policy to bond opt-in plaintiffs is fatal to the Plaintiff's conditional collective motion and it should, therefore, be denied in its entirety.

       B.      *Any Remaining Claims Are Individualized*

Any remaining claim that employees are instructed to work before their shift, "off-the-clock" and/or unload delivery trucks on Friday nights are individualized inquiries. First, Plaintiff fails to submit any admissible evidence that others were asked to clock-out and unload delivery trucks. Second, Villas Market Place does not have a policy of asking employees to clock-out to unload trucks every Friday night. *See generally* supporting Declrs. Indeed, by 11:00pm the store's night managers lock the front door. *See* Declr. of John Yiannios at ¶ 5. At some point, before 12:00am, the night managers ensure that all customers and employees are gone, and if so, they will leave for the night. *Id*. Moreover, to the extent that Plaintiff may theorize that employees clocked-in and immediately started working or that Villas Market Place instructed them to work through a break, that is a fact intensive question requiring an individualized assessment for each plaintiff. These claims are not conducive to a conditional collective action.

## ARGUMENT

## POINT I

## PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION SHOULD BE DENIED

The lenient standard for stage one conditional certification is not non-existent and certification is not automatic. *See Sanchez v. JMP Ventures LLC.,* 2014 WL 465542 at *1 (S.D.N.Y. 2014); *Romero v. H.B. Auto. Grp., Inc.* 2012 WL 1514810, at *10 (S.D.N.Y. 2012). Rather, a plaintiff must adduce facts supporting two contentions. First, that the Named Plaintiff is "similarly situated with respect to [his] job duties/requirements, compensation, and employer

policies" to putative collective members.[4]  *Romero* 2012 WL 1514810, *8 (S.D.N.Y. 2012).

Second, the plaintiff must demonstrate that "[he] and potential plaintiffs were victims of a

common policy or plan ***that violated the law***."  *Reyes v. NY F&B Servs.,* LLC, 2016 WL 796859,

*2 (S.D.N.Y. 2016)(emphasis added).

The "similarly situated" test for conditional certification is whether the Court can make a

single adjudication of liability that covers the named plaintiff and opted-in plaintiffs' claims

together.  *See Warman v.  Amer. Nat'l Standards Inst.,* 193 F.Supp.3d 318, 323 (S.D.N.Y. 2016).

Where a plaintiff fails to make such a showing, conditional certification should be denied to

avoid unduly burdening an employer with "a frivolous fishing expedition conducted . . . at the

employer's expense."  *Cherif v. Sameday Delivery Corp.,* 2015 WL 5772012, at *3 (E.D.N.Y.

2015).  If the claims require individualized determinations, no efficiency is gained and the case is

not appropriate for a collective action.  *Id.*  If that is apparent at the outset, as it is here, it makes

sense to deny conditional certification.

A.      *The Plaintiff Has Failed to Submit Evidence Sufficient To Conditionally Certify A*
        *Collective Action*

Plaintiff's motion is critically flawed.  For instance, it does not provide sufficient

evidence showing how the Plaintiff is "similarly situated" to any Villas Market Place employees.

Rather, Plaintiff submits a boilerplate motion[5] – of which is almost identical to other motions

submitted in the past – and one affidavit consisting almost entirely of inadmissible hearsay

evidence of a common illegal systemic policy.[6]  Simply relying on the lenient standard and

distorting the factual record is not enough to show that conditional certification is appropriate.

---

[4] Tellingly, Plaintiff has only provided hearsay evidence to support his claim of systemic underpayment and only identified one individual by their full name.

[5] Plaintiff's attorney has submitted a nearly identical motion in, *Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.,* 2012 WL 1981507, at *1 (S.D.N.Y. 2012).

Meanwhile Plaintiff's own cases cited in their memorandum of law support the denial of conditional certification.  Critically, almost every case cited by the Plaintiff involved a court that granted conditional certification on much more evidence than what Plaintiff has offered here. *See Laroque v. Domino's Pizza, LLC,* 557 F. Supp. 2d 346, 349 (E.D.N.Y. 2008)(***multiple plaintiff's*** specifically identified in sworn ***affidavits*** that their records were altered); *Fasanelli v. Heartland Brewery, Inc.,* 516 F. Supp. 2d 317, 321 (S.D.N.Y. 2007)(plaintiff's motion was supported by ***eight (8) declarations***); *Toure v. Cent. Parking Sys. of New York,* 2007 WL 2872455, at *3 (S.D.N.Y. 2007)(plaintiff presented ***six (6) declarations***); *Sipas v. Sammy's Fishbox, Inc.,* 2006 WL 1084556, at *2 (S.D.N.Y. 2006)(plaintiff relied on the complaint and ***four (4) supporting declarations***); *Young v. Cooper Cameron Corp.,* 229 F.R.D. 50, 55 (S.D.N.Y. 2005)(relying on plaintiff's affidavits showing the plaintiff performed the same job duties as the potential collective and ***defendant's own admissions***); *Hoffmann v. Sbarro, Inc.,* 982 F. Supp. 249, 262 (S.D.N.Y. 1997)(plaintiff's motion is supported by the complaint and multiple ***affidavits***, a form agreement executed by employees, and ***defendant's own admissions***)(emphasis added).

The lack of admissible factual support of a common illegal systemic policy is insufficient to support conditional certification.  *See Haynes v. Singer Co., Inc.,* 696 F.2d 884, 887 (11th Cir.1983)(district court did not abuse its discretion in refusing to authorize class notice where plaintiff's counsel offered only unsupported assertions of widespread FLSA violations; *Severtson v. Phillips Beverage Co.,* 137 F.R.D. 264, 266 (D.Minn.1991)(motion for court authorized notice denied where plaintiff's unsupported allegations, standing alone, provided "an insufficient basis for determining whether sending court–authorized notice is appropriate"); *Prizmic v. Armour,*

---

[6] Tellingly, Plaintiff only identifies four others – three of which their last name is unknown.  Defendant, and this Court, is thus, left guessing into whether these individuals even exist.

*Inc.,* 2006 WL 1662614, at *3 (E.D.N.Y. 2006)(plaintiff did not submit sufficient evidence that he and other potential plaintiffs were victims of a common policy or plan that violated the law); *Anglada v. Linens 'N Things, Inc.,* No. 06CIV.12901(CM)(LMS), 2007 WL 1552511, at *6 (S.D.N.Y. 2007)(opining that the Plaintiff's submission of his, *inter alia*, personal knowledge failed to show the existence of a nationwide of similarly situated employees); *Nabi v. Hudson Grp. (HG) Retail, LLC*, 310 F.R.D. 119, 123 (S.D.N.Y. 2015)(the record was devoid of specific information about the actual duties performed for some of the managers and therefore the Plaintiffs' showing was deficient)*; Reyes,* 2015 WL 4622587, at *2 (S.D.N.Y. 2015)( A plaintiff must provide some actual evidence of a factual nexus between him and the rest of the class that he seeks to represent; mere conclusory allegations will not suffice).

Plaintiff's declaration is fatally flawed for a number of reasons: (i) it fails to identify how he is similarly situated to other employees (*e.g.,* cooks, cashiers, etc.); (ii) what his job duties were; or (iii) an illegal compensation practices.  The only time a conditional certification should be granted on such a sparse and non-existent factual record is if none actually exists.  In other words, the employer did not maintain records.  *See Iriarte v. Redwood Deli & Catering, Inc.,* 2008 WL 2622929, at *3 (E.D.N.Y. 2008)("[w]hile it is true that plaintiff has not provided documentary support for his contentions, that is hardly surprising in light of defendant's failure to maintain records and produce them in discovery").  This is not the case here.  Defendants have produced time, attendance, and payroll of the Plaintiff.

Plaintiff has not met his burden of establishing a conditional certification.  Submission of a complaint along with one declaration is simply insufficient evidence that he is (1) similarly situated to other employees and (2) that he was the victim of policy or plan ***that violated the law***.  To the extent that he has also submitted his time and attendance records, it merely demonstrates

Villas Market Place's completely legitimate practice of paying to a shift.  29 C.F.R. § 785.48.

For the foregoing reasons, and those provided below, Villas Market Place respectfully asks that

this Court deny conditional certification.

> B.    *Plaintiff Has Failed To Identify A Common Illegal Practice That Could Bind The Purported Collective*

Plaintiff hinges his entire argument for conditional certification on his allegation that

Villas Market Place failed to pay employees their proper wages, including proper overtime due

to "time-shaving" and/or "rounding."   Plaintiff's artful phrasing cannot mask the actual

mechanics of the policy employed by the Defendants.[7]   That is paying employees pursuant to

their shift.   ***This policy is not unlawful.***   Pursuant to, 29 C.F.R. § 785.48, Villas Market Place is

permitted to disregard an employee's early punches and credit employee if he or she clocks out

few minutes early.

The lenient standard for stage one conditional certification is not automatic and the

Plaintiff must be able to point to a common ***violation of law*** that binds the purported collective

action together.   *See Ruiz v. Citibank, N.A.,* 93 F. Supp. 3d 279, 295 (S.D.N.Y. 2015);

*Hoffman* 982 F.Supp. 249, 261 (S.D.N.Y.1997)("[t]he court must find some identifiable factual

nexus which binds the named plaintiffs and potential class members together ...."); *Ahmed v. T.J.*

*Maxx Corp.,* 2014 WL 5280423, at * 5 (E.D.N.Y. 2014); *Jenkins v. TJX Companies Inc.,* 853 F.

Supp. 2d 317, 323 (E.D.N.Y. 2012)(plaintiff cannot satisfy his burden on a conditional

certification motion merely by showing that he was subject to an illegal application of a ***legal***

policy).

---

[7] Plaintiff's claim of time-shaving is nothing more than a farfetched plan to obtain conditional certification.

Here Villas Market Place paid in compliance with federal regulations that permit an employer to pay wages pursuant to a shift.  *See* 29 C.F.R. § 785.48.  Under subsection (a) of § 785.48:

> [i]n those cases where time clocks are used, employees who voluntarily come in before their regular starting time or remain after their closing time, do not have to be paid for such periods provided, of course, that they do not engage in any work.  Their early or late clock punching may be disregarded.  Minor differences between the clock records and actual hours worked cannot ordinarily be avoided, but major discrepancies should be discouraged since they raise a doubt as to the accuracy of the records of the hours actually worked.

In other words, "an employee can clock in, grab a coffee, read the newspaper, and then start working once his scheduled shift begins—and an employer wouldn't have to compensate him for that time."  *Weil v. Metal Technologies, Inc.* 925 F.3d 352, 357-358 (7th Cir. 2019).  Subsection (b) of that regulation further clarifies that an arraignment of rounding every six minutes is permissible because sometimes it benefits an individual and other times it doesn't but it averages out to be about the same.  *See* 29 C.F.R. § 785.48.  A Department of Labor opinion is informative.  U.S. Dep't of Labor, WHD Opinion Letter, FLSA2019-9.  The Department of Labor accepts "rounding to the nearest five minutes, one-tenth of an hour, one-quarter of an hour, or one-half hour as long as the rounding averages out so that the employees are compensated for all the time they actually work.  *Id.*  The Court does not need to look outside this Circuit to find guidance as to whether a collective action is "likely to work" in instances where the plaintiff has identified a legal compensation practice.  *See Zivali v. AT & T Mobility, LLC,* 784 F. Supp. 2d 456, 463 (S.D.N.Y. 2011); *Jenkins v. TJX Companies Inc.,* 853 F. Supp. 2d 317, 323 (E.D.N.Y. 2012); *Desilva v. N. Shore-Long Island Jewish Health Sys., Inc.,* 27 F. Supp. 3d 313, 323 (E.D.N.Y. 2014).

The *Desilva* court is instructive.   In *Desilva* the Court faced allegations that the employer's policy of automatically deducting break time resulted in unpaid minimum wages and overtime.   *Desilva* 27 F. Supp. 3d at 323 (E.D.N.Y. 2014).   The Court, after confirming that auto-deduct policies in this Circuit are legal, held that the only available alternative for the plaintiff was to demonstrate that the employees are factually similar, or it was the employers practice to disregard its own lawful practice.   *Id*.   The plaintiff failed to do so.   In decertifying the collective action, the *Desilva* court joined others in this Circuit that requires the plaintiff to identify an illegal application to a common legal policy.   *Id. Jenkins* 853 F. Supp. 2d at 323 (E.D.N.Y. 2012).

Here, the overwhelming evidence – including the evidence submitted by the Plaintiff – demonstrates that Villas Market Place paid pursuant to an employee's shift, a lawful practice. Villas Market Place did not expect employees to perform work services until the start of their shift and paid employees regardless of slight differences in their early or late clock-ins. *See* Pltf's & Deft's Exhibit B.   Employees are well aware of this policy as they often clocked-in, changed, grabbed food and coffee, and generally relaxed until their shift began and almost always clocked-out early – as indicated in Alvarado's time records. *See Id;* supporting declr's.   As long as employees do not ***significantly*** deviate from their shift, Villas Market Place will pay them for their shift.   Minor discrepancies between the times the employee clocks in and out and their schedule does not invalidate the regulations.   29 C.F.R. § 785.480.   To suggest otherwise would allow an employee to seek payment for pennies a day.

    i.    *Alvarado's Payroll And Time Records Are In Compliance With Federal Regulations*

Alvarado generally worked a 4:00pm to 12:00am shift.   This is self-evident when assessing his time and attendance records.   He always clocks in a few minutes before 4:00pm

and clocks-out a few minutes before 12:00am.  *See* Exhibit B.  He did exactly this on August 27, 2017.   He clocked-in at 3:56pm and clocked-out at 11:57pm amounting to a ***one-minute discrepancy***, from his shift and in his favor.[8]  *Id.*   On another shift (August 7, 2017) Alvarado clocked-in at 3:54pm and clocked-out at 11:55pm a ***two-minute discrepancy***.  *Id.*   These two shifts are indicative of his entire employment.   In an attempt to distort the record and distract the Court from the federal regulations, Plaintiff handpicked instances this policy happened not to benefit him – but this is clearly not indicative of his employment.

ii.   *A Representative Sampling of Payroll And Time Records Are In Compliance With Federal Regulations*

Moreover, a critical view of a representative sampling of records further illustrates Villas Market Place's compliance with the law.   *See* representative sampling of time and payroll records, annexed to Diviney Declr. at Exhibit C ("Exhibit C").   Person A worked a 4:00pm to 11:00am shift, which is self-evident when assessing her time records.  *Id.*   On April 8, 2017, she clocked-in at 4:04pm and clocked-out at 11:03pm, a one-minute discrepancy from her 4:00pm to 11:00pm shift.  *Id.*   Likewise, on April 14, 2017 Person A clocked in at 4:03pm and clocked-out at 11:03pm, resulting in no discrepancies between her time records and her pay.[9]  *Id.*

Augustin Alverenga's, whom Plaintiff purportedly identified as similarly situated is also indicative of Villas Market Place full compliance with federal regulations.   Also working a 4:00pm to 11:00pm shift, on June 26, 2017, he clocked-in at 3:57pm and clocked-out at 11:51pm

---

[8]   Analysis on a weekly basis further clarifies the frivolity of Alvarado's claims.  In one week (August 7, 2017) Alvarado clocked in and out for 47.61, the next week he did this for 48.34 hours.  Both times Villas Market Place paid him for 48 hours.  This ebb-and-flow between under and over performing is exactly why the regulations exist

[9]   Her weekly pay further evidences the de minimis value of any discrepancies between her clock-in and out time. she clocked-in and out for 34.93 hours in week one, 34.87 hours for week two, 34.98 hours for week three, 33.12 hours for week four, 34.93 hours for week five, and 28.07 hours for week six.  From week one to five, Villas Market Place paid Person A for 35 hours each week and in week six Villas Market Place paid her for 28 hours.  Minor discrepancies were disregarded – and in this instance – benefited the employee.

a six-minute discrepancy ***in his favor***.  *Id.*  Likewise, on July 10, 2017 he clocked-in at 3:59pm and clocked-out at 11:57pm a two-minute discrepancy.[10]

The records here clearly indicate compliance with federal regulations.  As the regulations itself contemplates "[m]inor differences between the clock records and actual hours worked cannot ordinarily be avoided."  29 C.F.R. § 785.480.  A few minutes difference between the time records and the pay does not invalidate the regulations so long as they are not "substantial" and applied in instances that both benefited and disadvantaged the employee.  *See Id.*  This is exactly what occurred here.

   iii.  *Illegal Application Of This Legal Policy Is An Individualized Inquiry*

To the extent that Plaintiff may theorize that employees clocked-in and immediately started working, the claim is a fact intensive question requiring an individualized assessment for each plaintiff.  This is not conducive to a collective action.  This Court should join the many courts that have held that lawful compensation policies do not constitute a "common unlawful policy" that can bind opted-in plaintiffs.  *See e.g., Eng-Hatcher v. Sprint Nextel Corp.,* 2009 WL 7311383, 5 (S.D.N.Y. 2009)(denying conditional certification); *Jenkins* 853 F. Supp. 2d 317, 323 (E.D.N.Y. 2012)(same); *Hickson v. U.S. Postal Service,* 2010 WL 3835885, 3 -4 (E.D. Tex. 2010)(denying conditional certification); *Dudley v. Texas Waste Systems, Inc.,* 2005 WL 1140605, *2 (W.D. Tex. 2005)(denying conditional certification); *Saleen v. Waste Management, Inc.,* 649 F. Supp. 2d 937, 942 (D. Minn. 2009)(affirming magistrate judge's denial of conditional certification).

---

[10] His time records indicate that he clocked-in and out for 47.92 hours in week one, 48.08 hours in week two, 47.91 hours in week three, 47.98 hours in week four, 47.93 hours in week five, and 47.93 hours in week six.  Villas Market Place paid him for 48 hours.

The *Jenkins* court is instructive.  There the court faced a conditional certification motion of assistant store managers.  *Jenkins* 853 F. Supp. 2d at 323 (E.D.N.Y. 2012).  The Plaintiff did not allege that the stores policy was illegal.  *Id.* at 321.  Rather that the store did not apply the policy consistently, which is turn, caused FLSA violations.  *Id.*  Thus the plaintiff relied on a theory that the defendant illegally applied a legal policy. *See Id.*  In denying conditional certification the court noted that to certify a class on these facts, the plaintiff must demonstrate that he is "similarly situated" with respect to the illegal application of a legal policy.  *Id.* at 325; *Khan v. Airport Mgmt. Servs.,* 2011 WL 5597371, at *4 (S.D.N.Y. 2011)(holding that the plaintiff failed to "produce sufficient evidence that there are other employees who may share [the] claim).  Plaintiff has failed to satisfy his burden on this point.  He has not – because he cannot – show that any other Villas Market Place employee were subject to the illegal application of a legal policy.  Critically he cannot even show that he, himself, was a victim of the illegal application of a legal policy.

### C.  The Plaintiff's Off The Clock Claims Require Individualized Determinations

While Plaintiff's entire argument for conditional certification focuses on the alleged "time-shaving" policy, the Plaintiff also claims that Villas Market Place might have a common policy of deliberately and knowingly requiring employees to work "off the clock" and through breaks. *See* Cmplt. at ¶ 21.  Plaintiff has not provided any evidence establishing that such a common policy exists, or any argument explaining how such a common policy was applied to the entire putative class.  At most, Plaintiff stated that "[o]n Fridays, [he] was required to clock out and stay thirty (30) minutes after [his] shift ended to help unload the weekly deliveries.  *See* Alvarado Declr. at ¶ 5.  And that he "had to work through [his] meal breaks." *Id*.

Villas Market Place's liability for any uncompensated missed meal breaks, and unpacking delivery trucks will depend on the highly individual facts surrounding each missed

break or additional assignment.  This includes whether the employer otherwise knew about it, and why no compensation was provided.  Moreover, Plaintiff's off-the-clock claims are also subject to individualized defenses.  "[T]o prevail on [their] off-the-clock claims, [Plaintiffs] also must prove that [Villas Market Place] had actual or constructive knowledge that [they] were performing uncompensated work."  *Kuebel v. Black & Decker, Inc.,* 643 F.3d 352, 365 (2d Cir. 2011); *see also Singh v. City of New York,* 418 F. Supp. 2d 390, 397 (S.D.N.Y. Nov. 28, 2005)("[A]n employee in the Second Circuit is only entitled to compensation for those hours of work performed of which the employer had actual or constructive knowledge.")  "The relevant knowledge is not 'I know the employee was working,' but 'I know the employee was working and not reporting his time.'" *Gordon v. Kaleida Health,* 299 F.R.D. 380, 392 (W.D.N.Y. 2014)(quoting *White v. Baptist Mem'l Health Care Corp.,* 699 F.3d 869, 875 (6th Cir. 2012); *Diaz v. Electronics Boutique of Am., Inc.,* 2005 WL 2654270, at *5 (W.D.N.Y. 2005)(off-the-clock claims would "require an examination by the Court of when he was scheduled to work [and] when he actually worked."  *Id.* at *17.

Hence, the Plaintiff, having failed to establish an illegal systemic compensation policy is only left with individualized grievances not conducive to a collective action.  Plaintiff's own admissions support this position. It is simply inconceivable that ***all*** of Villas Market Place employees were asked to clock-out on Friday nights and unload delivery trucks.  Likewise, he is not "similarly situated" to others (*e.g.,* cashiers, deli workers) who must collaborate with their colleagues on when to take breaks to ensure that someone is always available to assist customers. A fact that does not pertain to the Plaintiff, who is the only porter assigned on any given shift. Lastly, the Plaintiff's claim of fifteen minutes a day of off-the-clock work, characterized here as "time shaving," is ***not only legal*** but would also require the Court to conduct mini trials into each

plaintiff to determine when the employee clocked-in, whether he or she began performing work services immediately, and whether managers were aware of this.  Each and every claims raised by the Plaintiff must be resolved individually and is therefore not conducive to a collective action.  Considering this reality, the Court should deny the plaintiff's motion for conditional certification.

D.    *Any Conditional Collective Must Be Limited To Porters*

Even if the Court were incline to permit this case to proceed at this point to conditional certification and notice, the scope of the proposed collective is far too broad in relation to the evidentiary record.  In that respect, the Plaintiff's motion does not provide relevant or admissible evidence to support a claim for cooks, cashiers, stock clerks, cleaners, and baggers employed by Villas Market Place within the last six (6) years.  As noted by Judge Forrest in *Sanchez v. JMP, L.L.C.,* 2014 WL 465542 * 2 (S.D.N.Y. 2014): "[t]he notice and opt-in process outlined by the FLSA is not a discovery device to determine whether conditional certification is appropriate."

Here, the Plaintiff's declaration, which is largely anecdotal in nature only partially identifies four other individuals (two cooks and two stock persons) purportedly also exposed to the same **legal** compensation policy.  Aside for being inadmissible hearsay, the declaration is also lacking any reference to cashiers, and baggers or how cooks and stock persons are "similarly situated" to the Plaintiff.  Succinctly, the collective should be narrowed to others in the same job duty and position as the named plaintiff.  *See Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.,* 2012 WL 1981507, at *1 (S.D.N.Y. 2012)(conditionally certifying a collective action of **tipped employees**);  *Zhao v. Benihana, Inc.,* 2001 WL 845000, at *1 (S.D.N.Y. May 7, 2001)(**tipped-employees**); *Lynch v. United Servs. Auto. Ass'n,* 491 F. Supp. 2d 357, 369 (S.D.N.Y. 2007)(conditionally certifying a collective of **special investigators who performed the**

16

*same job duties*); *Khalil v. Original Homestead Rest., Inc.,* 2007 WL 7142139, at *1 (S.D.N.Y. 2007)(conditional certification granted as it pertained to **waiters**); *Sipas v. Sammy's Fishbox, Inc.,* 2006 WL 1084556, at *2 (S.D.N.Y. 2006)(conditional certification granted as it pertained to **garage attendants, who had the same job duties and title as the named plaintiff**).

The mere conclusory allegation that these individuals "were similarly required to work off the clock and were time-shaved" is fatally flawed both factually and logically. The Plaintiff, for example, claims that – in addition to him – others were "required to clock out and stay thirty (30) minutes after [his] shift to help unload the weekly deliveries." *See* Alvarado Declr. at ¶ 5. But he fails to allege any detail as to who unloaded the truck with him or when this actually occurred. At most, he has presented only enough evidence for a conditional certification for others in his job title as porter.[11]

Cashiers, cooks, baggers and stock persons all maintained different job titles, shifts, and responsibilities throughout the store. Schedules that are not long enough to require a break, for example, is inapplicable to this action. Furthermore, cashiers, baggers, and cooks' duties and responsibilities do not conform to working fifteen minutes before a scheduled shift. Whereas there is only one porter at Villas Market Place at any one point in time, cashiers, baggers, cooks, and stock persons rotate between shifts and breaks to ensure customers are always being accommodated. Thus, while a porter could seemingly come-in and immediately begin working, and work through a break without anyone noticing, that is not true with any other position at Villas Market Place, as each person must collaborate with each other to rotate breaks and the start and end of shifts.

---

[11] On this point, Villas Market Place only employed two (2) porters and even considering a six (6) year liability period the Plaintiff would likely fail to meet numerosity requirements.

## POINT II

## THE PROPOSED ORDER SHOULD BE DENIED AND THE PROPOSED NOTICE SHOULD BE MODIFIED

If the Court grants Plaintiff's motion for collective action notice, their request for sensitive employee information, their proposed notice and form should be amended consistent with Villas Market Place's proposed edits.  First, there is no reason to believe that a single mailed notice would not be sufficient.  And second, the Plaintiff's proposed notice needs improvement as their opt-in form contains impermissible language.  Attached to the Diviney Declaration at Exhibit D is Defendant's proposed notice.

> A.    *The Court Must Protect The Privacy Rights of Villas Market Place Employees And Limit Discoverable Information To Name And Address*

Plaintiff's request for a class list containing the employee's name, address, phone number, dates of employment, title, compensation rate, and email address is overbroad and burdensome.  There can be no dispute that most of this information is irrelevant to placing notices in first class mail.  The Court should therefore limit the class list to only include the employees name and last known address.

The Supreme Court, for example, has recognized the intrusive and potentially coercive nature of an unsolicited telephone call. *Shapero v. Kentucky Bar Ass'n,* 486 U.S. 466, 467 (1988).  Likewise, New York's Code of Professional Responsibility prohibits phone solicitations because of their coercive nature. Rule DR 2-103(a).  Accordingly, direct solicitations are never allowed.  Furthermore, Plaintiff's request for e-mail information of potential opt-ins should also be denied.  Notice by e-mail is duplicative of mailing and represents an unwarranted invasion into a person's individual privacy.

First-class mailing is the preferred method to inform individuals of their ability to opt-in to a collective action because it allows the court to control the process and prevents the

18

possibility for distortion.  These principles should be adopted here, especially where Plaintiffs have not made a showing as to why any additional forms of notice need be granted.  *See Sharma v. Burberry Lid,* 52 F. Supp. 3d 443, 463 (E.D.N.Y. 2014); *Iriarte v. Cafe 71, Inc.,* 2015 WL 8900875 at* 6 (S.D.N.Y., 2015)(in rejecting Plaintiff's application for disclosure of e-mail addresses for purposes of notice, Judge McMahon recognized as follows: "Plaintiff suggests no reason why he requires all this information in order to send § 216(b) notice, and frankly, until a person opts into the claim, such personal information as email addresses are none of Plaintiff's business.")  Disclosing all the information that Plaintiffs have requested, including the telephone numbers of potential opt-ins represents an unjustified intrusion into the privacy of non-parties, including many current Villas Market Place employees, and simply promotes unwarranted solicitation beyond what is contemplated by the notices itself.  *See e.g. Guan v. Long Island Bus. Ins., Inc.,* 2016 WL 4257549, at *6 (E.D.N.Y. August 11, 2016); *Fasanelli v. Ileartland Brewny, Inc.,* 516 F. Supp. 2d 317, 324 (S.D.N.Y. 2007) (limiting exchanged information to names, addresses, and email addresses for privacy reasons); *Dalton v. Gem Financial Services, Inc.,* 2016 WL 36764282016 at* 5 (E.D.N.Y.  2016)(plaintiffs who choose not to respond to a written notice should not have to face additional solicitation efforts by telephone).

Accordingly, once a plaintiff receives the written notice in the mail and chooses not to participate in a collective action the Court should not facilitate more unsolicited approaches.  The only information relevant here is the employees name and address.

B.      *The Proposed Notice Should be Modified*

Villas Market Place has a number of objections to Plaintiff's written notices.  It is axiomatic that a written notice must be carefully constructed to balance the need for full

disclosure against the possibility of either undue encouragement or discouragement from participating.  Villas Market Place's object to Plaintiff proposed notice for the following reasons:

- The Notice does not give an adequate or even-handed description of the claims and impermissibly describes New York Labor Law claims.  A notice that is confusing or otherwise inadequate lures individuals to join because they do not want to miss out – not because they actually believe they have a valid legal claim.  At the end of the day, a notice that does not adequately describe the nature of the action results in a number of individuals opting-in without realizing they are becoming a plaintiff in a lawsuit.

- The notice's eligibility date should be three years – not six – because the statute of limitations for a willful FLSA violation is three years.  A collective action notice should not contain New York Labor Law violations, which is governed under separate class action laws, not compatible with a conditional certification.  The eligibility date should be, therefore, three years from the date of the notice since the filing did not toll the statute of limitations for those who are not currently participating in the lawsuit.  *See e.g., Leier v. Lincoln Limousine Luxury Inc.,* (E.D.N.Y., 2014), Docket No. 70 (ordering notice to go out from three years from date of order rather than three years from complaint); *Hotaranu v. Star Nissan Inc.,* 2017 WL 1390808, at *5 (E.D.N.Y. 2017);  *Xuguang Chang v. CK Tours, Inc.,* 2019 WL 1873022, at *2 (S.D.N.Y. 2019).

- The notice should not reference NYLL claims, as the Plaintiff has not sought class certification for their state-law claims.  *Xuguang Chang* 2019 WL 1873022, at *2 (S.D.N.Y. 2019).  Indeed, "References to the NYLL and to plaintiffs' other non-FLSA claims are apt to confuse potential plaintiffs about the nature of this action."  *See Little v. Carlo Lizza & Sons Paving, Inc.*, 160 F. Supp. 3d 605, 612 (S.D.N.Y. 2016); *Xuguang Chang* 2019 WL 1873022, at

*2 (S.D.N.Y. 2019).  Plaintiffs should not be permitted to use the instant motion as a vehicle to solicit potential clients with regard to NYLL claims.

- The notice should be modified to include a statement that "the court has taken no position in this case regarding the merits of the Plaintiff's claims or of the Defendants' defenses."  *Gjurovich v. Emmanuel's Marketplace, Inc.* 282 F. Supp. 2d 91,99 (S.D.N.Y. 2003).  The language proposed by the Plaintiff improperly suggests that the Court believes there is some merit to the case and, in effect, encourages individuals to opted-in believing that the Court supports liability.

- The notice is proposed as an "opportunity" to join, giving the impression that this is not something to be "missed out on" by the prospective opt-in plaintiff.

- Plaintiff's Notice should require that any potential opt in plaintiffs send their consent forms to the Clerk of the Court and not to Plaintiff's counsel. Courts in the Second Circuit have routinely required that consent forms be sent to the Clerk of the Court, holding that language directing potential class members to Plaintiff's counsel for further information "improperly discourages class members from seeking outside counsel."

- Finally, Plaintiffs' Notice fails to fully and accurately describe the effect of joining this case on a potential opt-in plaintiff.  Thus, in a separate section the following language should be added: "You may also be held liable for costs associated with this lawsuit and for potential counterclaims which could be asserted against you by Defendants."  *See Gjurovich,* 282 F. Supp. 2d at 98.  To that end, Plaintiff's notice doesn't inform the opt-in plaintiffs of their responsibilities upon joining the lawsuit, including, but not limited to, being asked to appear for depositions, respond to written discovery, testify at trial and pay costs if they do not prevail.  *See Hallissey v. America Online, Inc.* 2008 WL 465112, at *4 (S.D.N.Y.)

Villas Market Place requests that its form notice be adopted in the event that the Court decides to conditionally certify a conditional collective action.

C.      *Equitable Tolling Is Not Warranted To Avoid Inequitable Circumstances*

Plaintiff has failed to show why this case warrants the extreme and rare relief of equitable tolling.  Having failed to meet their burden the Plaintiff's equitable tolling portion of their motion must be denied.

An FLSA collective action is deemed commenced on the date of filing only for named party plaintiffs who have simultaneously filed consent.  The action commences for each putative plaintiff on the date the individual opts into the suit by filing his or her own written consent.  29 U.S.C. § 256; *Hoffmann v. Sbarro, Inc.,* 982 F. Supp. 249, 260 (S.D.N.Y. 1997)("only by 'opting in' will the statute of limitations on potential plaintiffs' claims be tolled").  There is a two-year statute of limitations for FLSA claims, except for those arising out of a willful violation, which are subject to a three-year limitations period.  *Id.* § 255(a).  In this Circuit, "equitable tolling is only appropriate in [ ] rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli–Edelglass v. New York City Transit Auth.,* 333 F.3d 74, 80 (2d Cir.2003)(internal quotations and citations omitted).  Equitable tolling is generally appropriate where the potential plaintiff "actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where [he] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d (1990). "[A] district court must consider whether the person[s] seeking application of the equitable tolling doctrine (1) ha[ve] acted with reasonable diligence during the time period [they] seek[ ] to have tolled, and (2)

ha[ve] proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli Edelglass,* 333 F.3d at 81 (citation and internal quotation marks omitted) (alterations added).

There are few cases in this Circuit that have touched on the issue of equitable tolling of an FLSA collective action. Cases in which tolling was granted have involved either: a court-imposed stay pending the Court's resolution of a dispositive motion. *Roebuch v. Hudson Valley Farms,* 239 F.Supp.2d 234, 240 n. 10 (N.D.N.Y.2002); *Hoffmann,* 982 F.Supp. at 260 n. 14, tolling only for plaintiffs who already had filed consents, *Armstrong v. Homebridge Mortg. Bankers Corp.,* 2009 WL 3253945 at *4–7 (E.D.N.Y. 2009); or the employer's failure to post required notices advising employees of their FLSA rights, *Iglesias–Mendoza v. La Belle Farm, Inc.,* 239 F.R.D. 363, 369 (S.D.N.Y.2007); *Baba v. Grand Central P'shp.,* 2000 WL 1808971 (S.D.N.Y. 2000). None of those circumstances appear to exist here.

For these reasons, Villas Market Place respectfully requests that this Court deny the Plaintiff's portion of the motion requesting equitable tolling.

## CONCLUSION

In this case, there is no reason to lean in favor of conditional certification. The Plaintiff has "no personal interest in representing putative, unnamed claimants." *Genesis Healthcare Corp. v. Symczyk,* 569 U.S. 66, 79 (2013). By any common sense standard, Villas Market Place compensation practice is legal, even generous. Nothing about this case suggests that the interest of justice would suffer if the Court denies the Plaintiff's motion. Everything about this case suggests that it does not lend itself to a common adjudication of the claim "time shaving" or "rounding" claims which are, in reality, off-the-clock claims.

Dated: December 6, 2019
Uniondale, New York

23

Respectfully submitted,

RIVKIN RADLER LLP

By: **/s/ John Diviney, Esq**
    John K. Diviney, Esq.
    Keegan B. Sapp, Esq.
    926 RXR Plaza
    Uniondale, New York 11556
    Tel: (516) 357-3000