USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/8/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
FRANCISCO ALVARADO, *on behalf of himself, FLSA collective plaintiffs and the class*,

    Plaintiff,

-against-

VILLAS MARKET PLACE INC. d/b/a GARDEN GOURMET MARKET, and ANDREAS ZOITAS,

    Defendants.
------------------------------------------------------------- X

19-CV-4036 (VEC)

MEMORANDUM
OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

Plaintiff Francisco Alvarado has sued his former employer and its owner for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190 *et seq. See* Compl. (Dkt. 1) ¶¶ 1–2. Plaintiff moves for conditional certification of a collective pursuant to section 216(b) of the FLSA. *See* Notice of Mot. (Dkt. 30). For the following reasons, Plaintiff's motion is granted in part.

## BACKGROUND

Plaintiff worked as a porter for Defendant Villas Market Place, Inc. ("Villas Market") between January 2016 and March 2019. *See* Compl. ¶ 20; Alvarado Decl. (Dkt. 32) ¶ 1. During that time, Villas Market was owned by Defendant Andreas Zoitas. *See* Compl. ¶ 7; Zoitas Decl. (Dkt. 36) ¶ 2.

Plaintiff alleges that, each week, Defendants rounded down the hours Plaintiff worked to the nearest hour and paid wages only on those reduced hours instead of actual hours worked. *See* Alvarado Decl. ¶ 8. Plaintiff alleges that Defendants' payroll practices resulted in him being undercompensated. *See id.*; *see generally* Time Card and Payroll Register (Dkt. 31-2, Ex. B).

Additionally, Plaintiff alleges that, on a daily basis, Defendants required Plaintiff to arrive at work 15 minutes before clocking in, and, on Fridays only, required Plaintiff to stay 30 minutes after clocking out, resulting in unpaid work. *See* Alvarado Decl. ¶ 5. Plaintiff also asserts that, from October 20, 2017, to January 7, 2018, Defendants required Plaintiff to clock out for 30 minutes per workday for a meal break, but Defendants did not give him an actual meal break; instead, he was required to work through the "break." *Id.* ¶ 6. On January 8, 2018, that policy, according to Plaintiff, increased to one hour per day. *Id.* ¶ 7.

Plaintiff finally asserts that he observed his co-workers being subjected to similar policies, identifying four co-workers in particular with whom he had discussions about those policies. *Id.* ¶¶ 2–9. Plaintiff moves for conditional certification of a collective action on behalf of "all current and former non-exempt employees" who were employed by Defendants during the six years preceding the date that Plaintiff filed the Complaint. Compl. ¶ 13; *see* Proposed Order (Dkt. 30, Ex. 1).

## DISCUSSION

### I.     Legal Principles

The FLSA permits employees to maintain an action "for and in behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b). In determining whether to certify a collective action, courts in the Second Circuit use a two-step process. *Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010). At the notice stage, plaintiffs must establish that other employees "may be 'similarly situated'" to them. *Id.* at 555. To meet this burden, a plaintiff need only "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id.* (citations omitted).

While a plaintiff's burden at this stage is modest, "it is not non-existent," *Fraticelli v. MSG Holdings, L.P.*, No. 13-CV-6518, 2014 WL 1807105, at *1 (S.D.N.Y. May 7, 2014) (quoting *Khan v. Airport Mgmt. Servs., LLC*, No. 10-CV-7735, 2011 WL 5597371, at *5 (S.D.N.Y. Nov. 16, 2011)), and generally cannot be satisfied by "unsupported assertions," *Myers*, 624 F.3d at 555. Nonetheless, courts employ a "low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Id.* (citation omitted). At this first stage, therefore, courts do not examine "whether there has been an actual violation of law." *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005) (citing *Krueger v. N.Y. Tel. Co.*, No. 93-CV-178, 1993 WL 276058, at *2 (S.D.N.Y. July 21, 1993)).

At the second stage, when the court has a more developed record, the named plaintiffs must prove that "the plaintiffs who have opted in are *in fact* 'similarly situated' to the named plaintiffs" and that they were all subject to an illegal wage practice. *She Jian Guo v. Tommy's Sushi Inc.*, No. 14-CV-3964, 2014 WL 5314822, at *2 (S.D.N.Y. Oct. 16, 2014) (quoting *Myers*, 624 F.3d at 555). The action may be "'de-certified' if the record reveals that [the opt-in plaintiffs] are not [similarly situated], and the opt-in plaintiffs' claims may be dismissed without prejudice." *Myers*, 624 F.3d at 555.[1]

---

[1] Defendants spent much of their briefing arguing that their pay practices comply with Department of Labor regulations that allow an employer to disregard minor early or late time card punches when pay is per shift and when both early and late punches are disregarded. *See* 29 C.F.R. § 785.48. Defendants produced some documents that appear to support their position. The Court cannot, however, at this stage determine whether Defendants' pay practices are lawful. If Defendants are correct, the collective can be decertified prior to trial.

II.     Application

    A.     The Motion to Certify a Collective Is Granted in Part

Plaintiff offers sufficient evidence to conditionally certify a collective of porters, cooks, and stock clerks who worked at Villas Market. Plaintiff has not presented evidence that other types of employees (such cashiers, cleaners, and baggers) are similarly situated so that they should be included in the collective.

Plaintiff asserts in a sworn affidavit that two cooks and two stock persons told him that they routinely worked before and after their scheduled shifts but were never paid for that time, and that their work hours were rounded down on a weekly basis. *See* Alvarado Decl. ¶¶ 2, 9. Plaintiff's affidavit includes details about the timing and circumstances of these conversations. *See id.* ¶ 9. Plaintiff also asserts that those employees worked at Villas Market. *See id.* These assertions are sufficient to meet Plaintiff's burden at this stage. *See Mata v. Foodbridge LLC*, No. 14-CV-8754, 2015 WL 3457293, at *3 (S.D.N.Y. June 1, 2015) ("[C]ourts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit." (quoting *Hernandez v. Bare Burger Dio Inc.*, No. 12-CV-7794, 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013)).

While Plaintiff moves to include *all* non-exempt employees in his collective, Plaintiff's affidavit offers no specific conversations, names, or other details to show that employees other than porters (himself), cooks, and stock clerks were part of a common policy that violated the FLSA. *See* Alvarado Decl. ¶¶ 2, 9. Plaintiff simply asserts that "other employees" were subject to time-shaving and rounding policies, without specifying these employees' identities or the basis for Plaintiff's alleged knowledge. *See id.* ¶¶ 3–8. These conclusory allegations are insufficient to meet Plaintiff's burden. *See, e.g.*, *Reyes v. The Picnic Basket, Inc.*, No. 18-CV-

4

140, Dkt. 39, at 3–4 (S.D.N.Y. May 22, 2018); *Yang v. Asia Market Corp.*, No. 17-CV-6886, 2018 WL 2227607, at *3 (S.D.N.Y. April 3, 2018).

For all these reasons, Plaintiff's motion for a collective is granted as to porters, cooks, and stock clerks who worked at Villas Market any time during the period beginning three years prior to the filing of the Complaint and continuing until the present. *See Leonardo v. ASC, Inc.*, No. 18-CV-3657, 2018 WL 5981996, at *3 (S.D.N.Y. Nov. 14, 2018) (granting conditional certification of a collective and discussing reasons for limiting to three-year period).

B. **The Application for Discovery of Potential Plaintiffs' Contact Information Is Granted in Part**

Having concluded that it is appropriate to conditionally certify a collective, the Court orders Defendants to provide to Plaintiff's counsel the contact information (including names, addresses, email addresses, and telephone numbers) and dates of employment for all potential members of the collective. *See Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 488 (S.D.N.Y. 2016) ("Courts in this District commonly grant requests for the production of names, mailing addresses, email addresses, telephone numbers, and dates of employment in connection with the conditional certification of a FLSA collective action." (quoting *Martin v. Sprint/united Mgmt. Co.*, No. 15-CV-5237, 2016 WL 30334, at *19–20 (S.D.N.Y. Jan. 4, 2016))).

C. **Some Aspects of the Proposed Notice Must Be Modified**

"The form of notice and its details are left to the broad discretion of this Court." *Ramos v. Platt*, No. 13-CV-8957, 2014 WL 3639194, at *5 (S.D.N.Y. July 23, 2014) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)). While the Court finds that some revisions must be made to Plaintiff's proposed notice, the Court need not resolve all of Defendants' objections at this time.

First, the Court orders that the notice be directed only to employees who worked at Villas Market within the three years prior to the date that the Complaint was filed and continuing to the present (*i.e.*, between May 6, 2016, and the present), and the footnote in the notice regarding the NYLL claims must be removed. *See Leonardo*, 2018 WL 5981996, at *4 (modifying same). Second, although Defendants have not raised the issue, the language in the proposed notice relating to attorneys' fees must be modified. It must make clear that the decision whether to award such fees (and in what amount) will be made solely by the Court, in its discretion.

Defendants raise several other objections. Defendants argue that consent forms should be made returnable to the Clerk of Court, not to Plaintiff's counsel. In the Court's view, that practice would be inefficient. *See id.* (rejecting same). The balance of Defendants' objections to the proposed notice need not be resolved now. Defendants argue that the notice should include a statement that the court has taken no position regarding this case's merits; that the notice should not be proposed as an "opportunity"; and that the notice should state that prospective plaintiffs may also be held liable for costs associated with the lawsuit and potential counterclaims. Plaintiff has not responded to these arguments but has indicated that he is willing to negotiate with Defendants on the proper form and means of distribution of the notice.

The Court orders the parties to confer and to attempt to resolve these issues. No later than **January 17, 2020**, the parties must jointly submit a revised proposed notice and a letter outlining any points of disagreement and stating whether the notice needs to be translated into languages other than English. If the parties disagree on any particular provisions, the submission must quote each party's preferred language.

### D. Tolling of the Statute of Limitations Is Denied

Plaintiff requests that the Court equitably toll the FLSA's statute of limitations for potential members of the collective while Plaintiff attempts to effect notice. To apply equitable

tolling, the Court must find that a plaintiff has satisfied two strict conditions: (1) that extraordinary circumstances prevented the plaintiff from timely filing his or her claim, and (2) that the plaintiff pursued his or her claim with reasonable diligence during the requested period. *Parada v. Banco Indus. De Venezuela, C.A.*, 753 F.3d 62, 71 (2d Cir. 2014). Although this Court in some instances has decided to address whether tolling is appropriate on a case-by-case basis, *see, e.g.*, *Douglas v. Anthem Prods., LLC*, No. 18-CV-5789, 2019 WL 78988, at *5 (S.D.N.Y. Jan. 2, 2019), Plaintiff points to no delay that would prejudice future opt-in plaintiffs. The notice will be sent to those plaintiffs shortly, and Plaintiff's motion for conditional certification was resolved by this Court in less than one month. *See Jian Wu v. Sushi Nomado of Manhattan, Inc.*, No. 17-CV-04661, 2019 WL 3759126, at *11 (S.D.N.Y. July 25, 2019) (collecting cases where "courts have tolled the statute of limitations for the claims of potential opt-in plaintiffs for the period of time that a motion for conditional certification has been *sub judice*"). Plaintiff's request for equitable tolling during the notice period is denied.

## CONCLUSION

For all the foregoing reasons, Plaintiff's motion for conditional certification of a collective is GRANTED in part. The Court conditionally certifies a collective of porters, cooks, and store clerks who worked at Villas Market at any time between May 6, 2016, and the present. Defendants are ordered to provide to Plaintiff's counsel contact information (including names, addresses, email addresses, and telephone numbers) and dates of employment for all potential members of the collective no later than **January 17, 2020**. The proposed notice must be modified consistent with this Order, and the parties must confer on any remaining objections to the form or means of distribution of the notice. Plaintiff's request for equitable tolling during the notice period is denied.

No later than **January 17, 2020**, the parties must jointly submit a revised proposed notice and a letter outlining any points of disagreement. If the notice needs to be translated into a language other than English, the submission must indicate whether the parties have agreed on a proposed translation of the notice.

The stay on discovery in this case remains in place. The parties must appear for a conference on **April 17, 2020, at 10:00 a.m.** to set a discovery schedule. The parties' proposed Case Management Plan and joint preconference letter are due no later than **April 9, 2020**, in accordance with the undersigned's Individual Rules.

The Clerk is respectfully directed to close the open motion at Dkt. 30.

**SO ORDERED.**

**Date: January 8, 2020**
**New York, New York**

                                                **VALERIE CAPRONI**
                                                **United States District Judge**